UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

CARLOS M. REITOR,

   Plaintiff,

v.

AMERICOLLECT, INC.,

   Defendant.

Case No. 3:21-cv-00057

## COMPLAINT

**NOW COMES** Plaintiff, CARLOS M. REITOR, by and through his undersigned counsel, complaining of Defendant, AMERICOLLECT, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Wisconsin Consumer Act ("WCA") under Wis. Stat. § 427 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. CARLOS M. REITOR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Madison, Wisconsin.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. AMERICOLLECT, INC. ("Defendant") is a corporation with a principal place of business at 1851 South Alverno Road, Manitowoc, Wisconsin 54220.

8. Defendant specializes in third-party debt collection for hospitals and health systems.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

10. In or around August 2020, Plaintiff received medical services from Saint Mary's Hospital.

11. Plaintiff has had numerous health issues over the years and has been in and out of the hospital.

12. Plaintiff has insurance through the state health program, Badger Care.

13. In or around December 2020, Plaintiff started receiving phone calls from Defendant.

14. During one specific phone call that took place in or around mid-December 2020, Defendant advised Plaintiff that it was attempting to collect on a medical bill from Saint Mary's Hospital in the amount of approximately $500.00 ("subject debt").

15. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. During this phone call, Defendant's representative did not read the entire mini Miranda to Plaintiff as required by 15 U.S.C. §1692 e(11).

17. As this same call progressed, Plaintiff advised Defendant that since he is a member with Badger Care (operated through the state) that the subject debt should have been covered by Badger Care.

18. Plaintiff disputed the subject debt by advising Defendant that Plaintiff did not believe he owed the subject debt because it should be covered by Badger Care.

19. After numerous attempts of Defendant's representative trying to pressure Plaintiff into making a payment, Defendant's representative relented and stated that she would look into his dispute request.

20. Having not heard back from Defendant, Plaintiff contacted Defendant to discuss the subject debt once more.

21. During a phone call on December 26, 2020, Plaintiff told Defendant's representative that he was concerned about the subject debt reporting to the credit bureaus, as he was in the process of purchasing a home.

22. Defendant's representative advised Plaintiff that this would not be reported to the credit bureaus, so he need not be concerned.

23. Unfortunately, on December 27, 2020, the very next day, the subject debt was reported to the credit bureaus, causing Plaintiff's credit score to drop by 76 points.

24. To date, Defendant has failed to resolve Plaintiff's dispute of the debt and continues to report to the credit bureaus.

25. Despite living at the same address for over two years (including the date of service of the subject debt), Plaintiff has never received any written communication from Defendant regarding the subject debt.

## DAMAGES

26. After the discussion with Defendant's representative, Plaintiff was misled into believing that he was safe from any adverse credit reporting while the account was under investigation.

27. Accordingly, Defendant's misleading representations were material because it impacted Plaintiff's decision making process regarding the subject debt including payment on the subject debt.

28. The conundrum created by the language used Defendant's representative caused Plaintiff significant emotional distress and anxiety due to finding the account reporting to his credit report.

29. Further impeding Plaintiff's decision making process regarding the subject debt was the lack of written communication with relevant information regarding the subject debt.

30. Plaintiff's credit score dropped by 76 points, something that could have been prevented should Defendant had been honest regarding their collection efforts.

31. Concerned with Defendant's abusive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of 15 U.S.C. § 1692e**

33. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

34. Section 1692e(11) of the FDCPA requires that a debt collector states that is it "attempting to collect a debt and that the information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

27. Accordingly, Defendant's misleading representations were material because it impacted Plaintiff's decision making process regarding the subject debt including payment on the subject debt.

28. The conundrum created by the language used Defendant's representative caused Plaintiff significant emotional distress and anxiety due to finding the account reporting to his credit report.

29. Further impeding Plaintiff's decision making process regarding the subject debt was the lack of written communication with relevant information regarding the subject debt.

30. Plaintiff's credit score dropped by 76 points, something that could have been prevented should Defendant had been honest regarding their collection efforts.

31. Concerned with Defendant's abusive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of 15 U.S.C. § 1692e**

33. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

34. Section 1692e(11) of the FDCPA requires that a debt collector states that is it "attempting to collect a debt and that the information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

35. Defendant violated 15 U.S.C. §§ 1692e by advising Plaintiff that the subject debt would not be reported to the credit bureaus and then reported the subject debt to the credit reports the very next day.

36. Defendant violated 15 U.S.C. §§ 1692e and e(11) when it failed to disclose the full mini-Miranda warning during the mid-December 2020 phone call.

**b. Violations of 15 U.S.C. §1692g**

37. Pursuant to § 1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

38. Defendant violated § 1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff in December 2020.

39. As set forth above, Plaintiff was harmed by Defendant's deceptive conduct.

**WHEREFORE**, Plaintiff, CARLOS M. REITOR, requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

   c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
## Wisconsin Consumer Act (Wis. Stat. § 427 *et seq.*)

40. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

41. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3) of the WCA.

42. The subject consumer debt is a "claim" as defined by Wis. Stat. § 427.103(1) of the WCA.

43. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. § 427.104(1)(h)

44. Defendant violated § 427.104(1)(h) by engaging in harassing conduct in its attempt to collect the subject debt from Plaintiff.

45. Specifically, Defendant's conduct is unfair and deceptive because it specifically stated that the subject debt would not be reported to his credit report, when Defendant did intend to report it.

46. Furthermore, Defendant did not properly comply with the FDCPA as discussed above and instead engaged in harassing conduct in an attempt to collect the subject debt from Plaintiff.

47. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendants routinely engage as part of their business model. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

48. As pled above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

49. As pled in paragraphs 25 through 30, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

50. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff, CARLOS M. REITOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to § 427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to § 425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 27, 2021                                  Respectfully Submitted,

/s/ *Victor T. Metroff*
Mohammed O. Badwan, Esq.
Victor T. Metroff
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8181
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com